UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 07cv1712- JAH (WMc) |
| | ) | |
| Plaintiff, | ) | JUDGMENT |
| | ) | OF FORFEITURE |
| v. | ) | |
| | ) | |
| $55,000.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Having reviewed the foregoing Joint Motion and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED:

The Joint Motion is approved.

1. The parties, the United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and David M. McNees, Special Assistant U.S. Attorney, and the claimant, Allen Charles Haulcy ("Claimant"), and his attorney of record, Nicholas De Pento, have entered into this joint motion in order to resolve the matter of the seizure and forfeiture of the above-referenced defendant, $55,000.00 IN U.S. CURRENCY ("defendant currency").

2. $50,875.00, that is, 92.5%, of the defendant currency, is hereby forfeited and condemned to the United States pursuant to Title 21, United States Code, Section 881. Judgment is entered in favor of the United States on its complaint. The remainder of the defendant currency, $4,125.00, or 7.5%, plus interest according to law, shall be returned to Claimant Allen Charles Haulcy through his attorney of record, Nicholas De Pento.

3. Costs incurred by the United States incident to the seizure and custody of the defendant currency, if any, shall be borne by the United States.

4. The person or persons who made the seizure or the prosecutor shall not be liable to suit or judgment on account of such seizure in accordance with Title 28, United States Code, Section 2465. Claimant has agreed that by entering into this joint motion, he has not "substantially prevailed" within the meaning of 28 U.S.C. § 2465. Each party shall bear its own costs and expenses, including attorney fees.

5. Claimant has warranted and represented as a material fact that he is the sole owner of the defendant currency, and has further warranted that no other person or entity has any right, claim or interest in the defendant currency. Claimant will defend and indemnify the United States against any and all claims made against it on account of the seizure and forfeiture of the defendant currency.

6. The Claimant, his agents, employees, or assigns, shall hold and save harmless the United States of America, its agents and employees, from any and all claims which might result from the seizure of the defendant currency.

7. Following forfeiture of the United States' portion and distribution of the Claimant's portion of the defendant currency as described above, this case shall be closed.

Let judgment be entered accordingly.

DATED: March 27, 2008

_____
JOHN A. HOUSTON
United States District Judge